McGREGOR W. SCOTT
United States Attorney
WILLIAM TAYLOR
Special Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 559-4000
Facsimile: (559) 559-4099

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JONAH YELLOWMAN,<br><br>Defendant. | Case No. 5:19-mj-00037-JLT<br><br>MEMORANDUM OF PLEA AGREEMENT; AND [PROPOSED] ORDER<br><br>Hon. Jennifer L. Thurston |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGregor W. Scott, the United States Attorney for the Eastern District of California, and Special Assistant United States Attorney William Taylor, has agreed with the defendant, Jonah Yellowman, and his attorney, Assistant Federal Defender Matthew Lemke, as follows:

Defendant, Jonah Yellow, will plead guilty to Count 1 of the Complaint, a violation of 36 CFR 4.23(a)(1). The parties agree ask that Mr. Yellowman be sentenced to: 24 months of unsupervised probation, pay a $1,000 fine, and pay $10.00 special assessment. Additionally, the parties also request that Mr. Yellowman be ordered to participate in outpatient alcohol abuse treatment as a condition of his probation. With this agreement, the government agrees to dismiss the remaining charges. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

1.   <u>Charges</u>

Jonah Yellowman been charged by complaint with one count of violation of 36 CFR 4.23(a)(1) (Driving Under the Influence of Alcohol); 36 CFR 4.23(a)(2) (Operating a Vehicle with Alcohol Concentration Above .08%); and 36 CFR 4.14(b) (Open Container of Alcohol in a Vehicle).

2.   <u>Agreements by the Defendant</u>

(a)   The defendant agrees that this Plea Agreement shall be filed with the Court and become a part of the record of the case.

(b)   The defendant agrees to enter a plea of guilty to Count 1 of the Complaint, a violation of 36 CFR § 4.23(a)(1).

(c)   The defendant agrees to: 1) submit to 24 months of unsupervised probation; 2) pay a $1,000 fine; 3) pay a $10.00 special assessment; and 4) as a condition of probation, participate in an outpatient alcohol abuse treatment program.  Fine to be paid in full by July 31, 2022.  While on probation, Mr. Yellowman is expected to obey all federal, state, and local laws.  An offense that can be charged only as an infraction will not be considered a "violation of the law" within the meaning of this agreement.

(d)   The defendant knowingly and voluntarily waives his Constitutional, statutory and legal rights to appeal his plea, conviction, or sentence.  This waiver of appeal includes, but is not limited to, an express waiver of the defendant's right to appeal his plea, conviction, or sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742 or otherwise.  The defendant further agrees not to contest his plea, conviction, or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §§ 2255, except for non-waivable claims.

(e)   The Defendant acknowledges that his plea of guilty is voluntary and that no force, threats, promises, or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this Plea Agreement, to induce the Defendant to plead guilty.

(f)     The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(g) Should the defendant not be a citizen of the United States, the defendant hereby acknowledges that adverse immigration consequences, including but not limited to removal from the United States, exclusion from admission into the United States, and/or denial of naturalization in the United States, may result from his plea.

3.     Agreements by the Government

(a)     The government agrees to recommend the sentence set forth above.

(b)     The Government agrees to dismiss the remaining charges in the Complaint.

(c)     The government agrees to waive any mandatory appearance requirement for the Defendant upon execution of this agreement.

4.     Nature, Elements and Possible Defenses

The defendant has read the charges against him contained in the citation, and those charges have been fully explained to his by his attorney.  Further, the defendant fully understands the nature and elements of the crime in the citation to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

5.     Factual Basis

The defendant concedes that he will plead, and is pleading, guilty to the crime set forth in Count 1 of the Complaint, because he is, in fact, guilty of that offense.  The defendant also agrees that the following are the true and correct facts of this case:

> On or about August 31, 2019, while in Death Valley National Park, on land administered by the United States National Park Service, Jonah Yellow had actual physical control of a motor vehicle while he was under the influence of alcohol to a degree that rendered him incapable of safe operation.  This occurred in violation of Title 36 of the Code of Federal Regulations, Section 4.23(a)(1).

6. <u>Waiver of Rights</u>

The defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial by a judge sitting without a jury.

(b) The judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(c) At a trial, the government would be required to present its witnesses and other evidence against the defendant, and prove each element of the charge against the defendant beyond a reasonable doubt. The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, one would be appointed for him by the Court at no expense to him.

(d) At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

(e) The defendant understands that by pleading guilty he is waiving all of the rights set forth above, and acknowledges that his attorney has explained to him those rights and the consequences of his waiver of those rights.

7. <u>Entire Agreement</u>

This written agreement sets forth all of the terms of the agreement and is enforceable only as to the terms set forth herein.

```
                                        McGREGOR W. SCOTT
                                        United States Attorney

Date: July 10, 2020                     /s/ William Taylor
                                        WILLIAM TAYLOR
                                        Special Assistant United States Attorney
                                        Attorney for Plaintiff


Date: July 13, 2020              By:    _____
                                        JONAH YELLOWMAN
                                        Defendant


Date: July 10, 2020                     /s/ Matthew Lemke
                                        MATTHEW LEMKE
                                        Assistant Federal Defender
                                        Attorney for Defendant
                                        JONAH YELLOWMAN
```

**[~~PROPOSED~~] ORDER**

The Court accepts the plea agreement, finds a sufficient factual basis for the plea, and finds Defendant, Jonah Yellowman, guilty of violating 36 Code of Federal Regulation § 4.23(a)(1) as alleged in the criminal complaint. The Court sentences Mr. Yellowman to 24 months of unsupervised probation, to pay a fine of $1,000.00, to pay a special assessment of $10.00, and to participate in outpatient alcohol abuse treatment.  All previously scheduled hearings are vacated ~~and no further appearances are required~~.

The fine and special assessment SHALL be paid within 12 months. The Court sets a status conference on July 6, 2021 at 9:00 a.m.  The parties SHALL file a joint status report at least one week in advance of the hearing.

IT IS SO ORDERED.

Dated:  July 15, 2020

*/s/ Jennifer L. Thurston*
HON. JENNIFER L. THURSTON
United States Magistrate Judge